The Honorable Ricardo S. Martinez

1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9  RON GIPSON,

10              Plaintiff,

11         v.

12  SNOHOMISH COUNTY; BRIDGET
CLAWSON, in her role as former HR director;
13  MARILYNN FINSEN, in her role as Court
Administrator; SHANE NYBO, his role as
14  assistant administer; BOB TERWILLEGER, in
his role as former court administered; STEVEN
15  BLADEK, in his role as Prosecutor;
CHARLOTTE COMER, in her role as
16  Prosecutor; JUDGE MICHAEL DOWNS, in his
role as presiding Judge for Snohomish County;
17  SARA DIVITTORIO, in her role as Deputy
Prosecutor for Snohomish County; RHEA
18  REYNOLDS, in her role as Human Resources
Director for Denney Juvenile Justice Center;
19  JASON CUMMINGS, in his role as Deputy
Prosecutor for Snohomish County;
20  MARCELLA FLEMING REED, in her role as
investigative agent Investigator for Snohomish
21  County; MARGIE HOLLOWAY, in her role as
former Denney Youth Center Director;
22  BARBARA LUCKEN, in her role as Juvenile
Correction Officer; KAREN HASTING, in her
23  role as Juvenile Correction Officer; and DEE
THAYER, in her role as Juvenile Correction
24  Officer,
25
26              Defendants.
27

Case No. 2:17-cv-00505-RSM

DEFENDANT SNOHOMISH COUNTY'S
ANSWER TO PLAINTIFF'S
COMPLAINT

**JURY DEMAND**

DEFENDANT SNOHOMISH COUNTY'S ANSWER TO
PLAINTIFF'S COMPLAINT - 1

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

Defendant Snohomish County, (the "County") for its answer to Plaintiff's complaint admits, denies and states as follows:

## I.   PARTIES

1.      Answering Paragraph 1, the County admits the same.

2.      Answering Paragraph 2, the County admits that Snohomish County is a political subdivision of the State of Washington and that the Denney Juvenile Justice Center is the location of Plaintiff's employment. The County denies all remaining allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.      Answering Paragraph 3, the County admits Marilyn Finsen is currently the Superior Court Administrator for Snohomish County Superior Court.  To the extent there are any additional allegations contained in Paragraph 3, the County denies the same.

4.      Answering Paragraph 4, the County admits Shane Nybo is currently the Assistant Administrator for Superior Count for the Snohomish County Superior Court. To the extent there are any additional allegations contained in Paragraph 4, the County denies the same.

5.      Answering Paragraph 5, the County admits Rhea Reynolds is currently the Human Resources Manager for the Snohomish County Superior Court. To the extent there are any additional allegations contained in Paragraph 5, the County denies the same.

6.      Answering Paragraph 6, the County admits Michael Downes currently is a Snohomish County Superior Court Judge. To the extent there are any additional allegations contained in Paragraph 5, the County denies the same.

7.      Answering Paragraph 7, the County admits Steven Bladek is a Deputy Prosecuting Attorney for the Snohomish County Prosecutor's Office. To the extent there are any additional

DEFENDANT SNOHOMISH COUNTY'S ANSWER TO
PLAINTIFF'S COMPLAINT - 2

(2:17-cv-00505-RSM)

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

allegations contained in Paragraph 7, the County denies the same.

8.      Answering Paragraph 8, the County admits Charlotte Comer is a Deputy Prosecuting Attorney for the Snohomish County Prosecutor's Office. To the extent there are any additional allegations contained in Paragraph 8, the County denies the same.

9.      Answering Paragraph 9, the County admits Sara Di Vittorio is a Deputy Prosecuting Attorney for the Snohomish County Prosecutor's Office. To the extent there are any additional allegations contained in Paragraph 9, the County denies the same.

10.     Answering Paragraph 10, the County admits Jason Cummings is the Chief Civil Deputy Prosecuting Attorney for the Snohomish County Prosecutor's Office. To the extent there are any additional allegations contained in Paragraph 10, the County denies the same.

11.     Answering Paragraph 11, the County admits Marcella Fleming Reed (MFR) was hired by Snohomish County as an independent contractor. To the extent there are any additional allegations contained in Paragraph 11, the County denies the same.

## II. JURISDICTION AND VENUE

The numbered Paragraphs in Section II of Plaintiff's Complaint begin at Paragraph 3.

3.      Answering Paragraph 3, the County denies the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.      Answering Paragraph 4, the County denies RCW 4.92.010 confers jurisdiction over the parties in this matter.

5.      Answering Paragraph 5, the County denies the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6.      Answering Paragraph 6, the County denies the allegations contained in Paragraph 6 of Plaintiff's Paragraph.

DEFENDANT SNOHOMISH COUNTY'S ANSWER TO PLAINTIFF'S COMPLAINT - 3

(2:17-cv-00505-RSM)

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

7.      Answering Paragraph 7, the County denies the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      Answering Paragraph 8, the County denies any wrongdoing, however, to the extent the complaint asserts allegations concerning the actions of Defendant Snohomish County, the County admits the actions as stated in the Complaint occurred in Snohomish County.

### III. FACTS

The numbered Paragraphs in Section III of Plaintiff's Complaint begin at paragraph 9.

9.      Answering Paragraph 9, the County denies the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     Answering Paragraph 10, the County admits Ron Gipson was elected to the Everett City Council in 1995, a position which he held until he lost an election in 2015 and his last term expired. The County denies the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     Answering Paragraph 11, the County admits that on or about January 21, 2014, Mr. Gipson he was notified of an EEO complaint of sexual harassment made by Karen Hastings, upon which he was placed on administrative leave. The County denies any and all remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

12.     Answering Paragraph 12, the County admits Mr. Gipson was placed on paid administrative leave, his keys were collected and his badge was deactivated.  Snohomish County denies all remaining allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     Answering Paragraph 13, the County is without information sufficient to form a belief as to what Mr. Gipson felt, and therefore, denies the same. The County denies all remaining allegations contained in Paragraph 13 of Plaintiff's Complaint.

DEFENDANT SNOHOMISH COUNTY'S ANSWER TO
PLAINTIFF'S COMPLAINT - 4

(2:17-cv-00505-RSM)

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

14.     Answering Paragraph 14, the County denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     Answering Paragraph 15, the County admits that on February 19, 2014, three employees working at the Snohomish County Juvenile Correction Center, through their attorney Robin Williams Philips, filed a damage claim which included allegations against Ron Gipson. The County denies any and all remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.     Answering Paragraph 16, the County admits that on February 14, 2014, Victoria Vreeland, counsel for Luther Weathersby, Ashley Thomas, and Ron Gipson, wrote a letter to Snohomish County alleging discriminatory treatment based on race. The County further admits that Luther Weathersby and Ashley Thomas are believed to be African-Americans and both are Juvenile Corrections Officer Supervisors. The County denies any and all remaining allegations contained in Paragraph 16 of Plaintiff's Complaint.

17.     Answering Paragraph 17, the County states that Ron Gipson has been an employee of Snohomish County since December 1996. The County denies all remaining allegations contained in Paragraph 17 of Plaintiff's Complaint.

18.     Answering Paragraph 18, the County admits that on February 6, 2014, it entered into a Professional Services Contract with Marcella Fleming Reed of the MFR Law Group to conduct an independent investigation regarding complaints of sexual and racial harassment as requested by the County EEO Officer. The County denies any and all remaining allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     Answering Paragraph 19, the County states that the allegations contained in

DEFENDANT SNOHOMISH COUNTY'S ANSWER TO
PLAINTIFF'S COMPLAINT - 5

(2:17-cv-00505-RSM)

**SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION**
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

Paragraph 19 of Plaintiff's complaint are not decipherable, and therefore, Snohomish County denies the same.

16(2). Answering the second Paragraph number 16 in Section III, Snohomish County admits it entered into an Agreement for Professional Services with Marcella Fleming Reed as an independent contractor. The County denies any and all remaining allegations contained in Paragraph 16 of Plaintiff's complaint.

17(2). Answering the second Paragraph number 17 in Section III, the County is without information sufficient to form a belief as to what Mr. Gipson claims he was assured by unidentified persons, and therefore, denies the same.

18(2). Answering the second Paragraph number 18 in Section III, the County denies the same.

19(2). Answering the second Paragraph number 19 in Section III, the County denies the same.

20.   Answering Paragraph 20, the County currently lacks information upon which to case a belief as to the truth of these allegations and therefore denies the same.

21.   Answering Paragraph 21, the County admits that on March 13, 2014, it notified Mr. Gipson that it had received a complaint from Cathy Aiko Barkdoll alleging discriminatory treatment based upon gender and reporting instances of discrimination and/or harassment. The County denies any and all remaining allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.   Answering Paragraph 22, the County is without information sufficient to form a belief as to conversations that may have occurred between Mr. Gipson's counsel and another

DEFENDANT SNOHOMISH COUNTY'S ANSWER TO
PLAINTIFF'S COMPLAINT - 6

(2:17-cv-00505-RSM)

**SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333

defendant, and therefore, denies the allegations contained in Paragraph 22 of Plaintiff's Complaint

23.     Answering Paragraph 23, the County admits that on April 10, 2014, it received a letter from Plaintiff's counsel, Victoria Vreeland, stating that the decision to place Mssrs. Weathersby and Gipson on administrative leave may be removed from her list of complaints of race discrimination. To the extent there are any additional allegations contained in Paragraph 23 of Plaintiff's Complaint the County denies the same.

24.     Answering Paragraph 24, the County currently lacks information upon which to base a belief as to the truth of the allegations and, therefore, denies the same.

25.     Answering Paragraph 25, the County is without information sufficient to form a belief as to what concerns Mr. Gipson has, and therefore, denies the allegations contained in Paragraph 25 of Plaintiff's Complaint

26.     Answering Paragraph 26, the County asserts that it was not a party to the May 28, 2014 email described in Paragraph 26; however, the County has information sufficient to admit that Ms. Reed did email Ms. Vreeland on May 28, 2014, concerning Mr. Gipson's use of leave for civic duty, and asserts the email is the best evidence of its contents itself and therefore denies any and all remaining allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     Answering Paragraph 27, the County lacks information sufficient to form a belief as to the truth of the allegations and therefore denies the same.

28.     Answering Paragraph 28, the County states that a fully executed Settlement Agreement in the amount of $750,000.00 was entered into on December 9, 2014, between Snohomish County, Dee Thayer, Barbara Lucken, and Karen Hastings resolving pending

DEFENDANT SNOHOMISH COUNTY'S ANSWER TO
PLAINTIFF'S COMPLAINT - 7

(2:17-cv-00505-RSM)

**SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION**
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333

litigation in King County Superior Court between the parties. The County denies all remaining allegations contained in Paragraph 28 of Plaintiff's Complaint.

29.     Answering Paragraph 29, the County denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30.     Answering Paragraph 30, the County, lacks information, including Plaintiff's failure to provide specificity in his allegations, upon which to base a belief also the truth of the allegations and therefore denies the same.

31.     Answering Paragraph 31, the County, lacks information, including Plaintiff's failure to provide specificity in his allegations, upon which to base a belief also the truth of the allegations and therefore denies the same.

32.     Answering Paragraph 32, the County, lacks information, including Plaintiff's failure to provide specificity in his allegations, upon which to base a belief also the truth of the allegations and therefore denies the same.

33.     Answering Paragraph 33, the County denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34.     Answering Paragraph 34, the County admits that on February 2, 2015, it issued four separate closure letters to Mr. Gipson notifying him of the closure of EEO complaints made by Ms. Barkdoll, Ms. Thayer, Ms. Hastings, and Ms. Lucken.

35.     Answering Paragraph 35, the County states the Collective Bargaining Agreement is the best evidence of its contents itself and denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

//

DEFENDANT SNOHOMISH COUNTY'S ANSWER TO
PLAINTIFF'S COMPLAINT - 8

(2:17-cv-00505-RSM)

**SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

36.     Answering Paragraph 36, the County admits the allegations in Paragraph 36 of Plaintiff's Complaint.

37.     Answering Paragraph 37, the County admits the purpose of the February 18, 2015 letter was to notify Mr. Gipson of the pending disclosure and allow him an opportunity to enjoin disclosure. The County denies any and all remaining allegations contained in Paragraph 37 of Plaintiff's Complaint.

38.     Answering Paragraph 38, the County denies the same.

39.     Answering Paragraph 39, the allegations contained in Paragraph 39 of Plaintiff's complaint are not intelligible, and therefore, the County denies all the allegations contained in Paragraph 39 of Plaintiff's Complaint

40.     Answering Paragraph 40, the County admits that it sent Mr. Gipson correspondence on February 19, 2015, concerning his public records request PRR 14-06701.  The County asserts the email is the best evidence of its contents itself and denies any and all remaining allegations contained in Paragraph 40 of Plaintiff's Complaint that are inconsistent with its contents.

41.     Answering Paragraph 41, the County admits that it sent Mr. Gipson correspondence on February 19, 2015, concerning his public records request PRR 14-06701.  The County asserts the email is the best evidence of its contents itself and denies any and all remaining allegations contained in Paragraph 41 of Plaintiff's Complaint that are inconsistent with its contents.

42.     Answering Paragraph 42, the County admits that it received correspondence from Mitchell Cogdill, counsel for Mr. Gipson, dated February 25, 2015.  The County asserts the letter

DEFENDANT SNOHOMISH COUNTY'S ANSWER TO
PLAINTIFF'S COMPLAINT - 9

(2:17-cv-00505-RSM)

**SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION**
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333

is the best evidence of its contents itself and denies any and all remaining allegations contained in Paragraph 42 of Plaintiff's Complaint that are inconsistent with its contents.

43.     Answering Paragraph 43, the County admits that it received correspondence from Mitchell Cogdill, counsel for Mr. Gipson, dated February 25, 2015.  The County asserts the letter is the best evidence of its contents itself and denies any and all remaining allegations contained in Paragraph 43 of Plaintiff's Complaint that are inconsistent with its contents.

44.     Answering Paragraph 44, the County admits that Mr. Cogdill's February 25, 2015, letter requested a delay of at least a week "to assure what in our mind is being redacted." The remaining allegations are denied for lack of information.

45.     Answering Paragraph 45, the County admits that it received correspondence from Mitchell Cogdill, counsel for Mr. Gipson, dated February 26, 2015.  The County asserts the letter is the best evidence of its contents itself and denies any and all remaining allegations contained in Paragraph 45 of Plaintiff's Complaint that are inconsistent with its contents.

46.     Answering Paragraph 46, the County admits that it received correspondence from Mitchell Cogdill, counsel for Mr. Gipson, dated February 26, 2015. The County asserts the letter is the best evidence of its contents itself and denies any and all remaining allegations contained in Paragraph 46 of Plaintiff's Complaint that are inconsistent with its contents.

47.     Answering Paragraph 47, the County admits that it sent correspondence to Mitchell Cogdill, counsel for Mr. Gipson, dated February 27, 2015. The County asserts the letter is the best evidence of its contents itself and denies any and all remaining allegations contained in Paragraph 47 of Plaintiff's Complaint that are inconsistent with its contents.

//

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

48.     Answering Paragraph 48, the County denies the allegations contained in Paragraph 48 of Plaintiff's Complaint.

49.     Answering Paragraph 49, the County admits that it held a pre-disciplinary hearing on July 16, 2015, to consider allegations against Mr. Gipson. To the extent there are any remaining allegations contained in Paragraph 49 of Plaintiff's Complaint, the County denies the same.

50.     Answering Paragraph 50, the County admits that on August 13, 2015 it issued a letter with the results of the pre-disciplinary hearing. The County further admits it imposed a thirty day suspension upon Mr. Gipson as discipline. To the extent there are any remaining allegations contained in Paragraph 50 of Plaintiff's Complaint, the County denies the same.

51.     Answering Paragraph 51, the County admits Mr. Gipson filed a lawsuit against Snohomish County alleging violations of the Public Records Act. The County asserts the Complaint is the best evidence of its contents itself and denies any and all remaining allegations contained in Paragraph 51 of Plaintiff's Complaint.

52.     Answering Paragraph 52, the County denies the allegations contained in Paragraph 52 of Plaintiff's Complaint.

53.     Answering Paragraph 53, the County denies the allegations contained in Paragraph 53 of Plaintiff's Complaint.

## IV.     CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**(Fourth and Fourteenth Amendment Violations – 42 USC 1983)**

54.     Answering Paragraph 54, the County reasserts its answers in response to paragraphs 1-53 above.

//

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

55.     Answering Paragraph 55, the County denies the allegations contained in Paragraph 55 of Plaintiff's Complaint.

56.     Answering Paragraph 56, the County denies the allegations contained in Paragraph 56 of Plaintiff's Complaint.

57.     Answering Paragraph 57, the County denies the allegations contained in Paragraph 57 of Plaintiff's Complaint.

## SECOND CAUSE OF ACTION
### (Conspiracy to Violate Civil Rights – 42 USC 1985(3))

58.     Answering Paragraph 58, the County reasserts its answers in response to Paragraphs 1-57 above.

59.     Answering Paragraph 59, the County denies the allegations contained in Paragraph 59 of Plaintiff's Complaint.

60.     Answering Paragraph 60, the County denies the allegations contained in Paragraph 60 of Plaintiff's Complaint.

61.     Answering Paragraph 61, the County denies the allegations contained in Paragraph 61 of Plaintiff's Complaint.

## THIRD CAUSE OF ACTION
### (Violation of RCW 42.56 et seg)

62.     Answering Paragraph 62, the County reasserts its answers in response to Paragraphs 1-61 above.

63.     Answering Paragraph 63, the County denies the allegations contained in Paragraph 63 of Plaintiff's Complaint.

//

DEFENDANT SNOHOMISH COUNTY'S ANSWER TO
PLAINTIFF'S COMPLAINT - 12

(2:17-cv-00505-RSM)

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333

64.     Answering Paragraph 64, the County denies the allegations contained in Paragraph 64 of Plaintiff's Paragraph.

65.     Answering Paragraph 65, the County denies the allegations contained in Paragraph 65 of Plaintiff's Complaint.

## FOURTH CAUSE OF ACTION
### (Invasion of Privacy/False Light Disclosure)

66.     Answering Paragraph 66, the County reasserts its answers in response to Paragraphs 1-65 above.

67.     Answering Paragraph 67, the County denies the allegations contained in Paragraph 67 of Plaintiff's Complaint.

68.     Answering Paragraph 68, the County denies the allegations contained in Paragraph 68 of Plaintiff's Complaint.

69.     Answering Paragraph 69, the County denies the allegations contained in Paragraph 69 of Plaintiff's Complaint.

## FIFTH CAUSE OF ACTION
### (Vicarious Liability)

70.     Answering Paragraph 70, the County reasserts its answers in response to Paragraphs 1-69 above.

71.     Answering Paragraph 71, the County denies the allegations contained in Paragraph 71 of Plaintiff's Complaint.

## SIXTH CAUSE OF ACTION
### (Infliction of Emotional Distress)

72.     Answering Paragraph 72, the County reasserts its answers in response to paragraphs 1-72 above.

DEFENDANT SNOHOMISH COUNTY'S ANSWER TO
PLAINTIFF'S COMPLAINT - 13

(2:17-cv-00505-RSM)

**SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504**
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333

73.    Answering Paragraph 73, the County denies the allegations contained in Paragraph 73 of Plaintiff's Complaint.

## SEVENTH CAUSE OF ACTION
### (Defamation)

74.    Answering Paragraph 74, the County reasserts its answers in response to Paragraphs 1-73 above.

75.    Answering Paragraph 75, the County denies the allegations contained in Paragraph 75 of Plaintiff's Complaint.

76.    Answering Paragraph 76, the County denies the allegations contained in Paragraph 76 of Plaintiff's Complaint.

## EIGHTH CAUSE OF ACTION
### (Negligence/Gross Negligence)

77.    Answering Paragraph 77, the County reasserts its answers in response to Paragraphs 1-76 above.

78.    Answering Paragraph 78, the County denies the allegations contained in Paragraph 78 of Plaintiff's Complaint.

79.    Answering Paragraph 79, the County denies the allegations contained in Paragraph 79 of Plaintiff's Complaint.

80.    Answering Paragraph 80, the County denies the allegations contained in Paragraph 80 of Plaintiff's Complaint.

81.    Answering Paragraph 81, the County denies the allegations contained in Paragraph 81 of Plaintiff's Complaint.

//

//

DEFENDANT SNOHOMISH COUNTY'S ANSWER TO
PLAINTIFF'S COMPLAINT - 14

(2:17-cv-00505-RSM)

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333

## NINTH CAUSE OF ACTION
### (Outrage)

82.     Answering Paragraph 82, the County reasserts its answers in response to Paragraphs 1-81 above.

83.     Answering Paragraph 83, the County denies the allegations contained in Paragraph 83 of Plaintiff's Complaint.

84.     Answering Paragraph 84, the County denies the allegations contained in Paragraph 84 of Plaintiff's Complaint.

## TENTH CAUSE OF ACTION
### (Loss of Consortium)

85.     Answering Paragraph 85, the County reasserts its answers in response to Paragraphs 1-84 above.

86.     Answering Paragraph 86, the County denies the allegations contained in Paragraph 86 of Plaintiff's Complaint.

The allegations in Plaintiff's Prayer for Relief are not factual averments requiring Defendants to admit or deny the same under the Rules of Civil Procedure. Nevertheless, responding to the averments in Plaintiff's Prayer for Relief, including Paragraphs numbered 1-6, Defendants deny that any such relief is warranted and affirmatively allege that Plaintiff should take nothing whatsoever by way of relief.

## V.     AFFIRMATIVE DEFENSES

Having fully answered Plaintiff's Complaint, Defendant Snohomish County asserts that discovery and investigation may reveal that any one or more of the following affirmative defenses should be available to it in this case. Defendant Snohomish County therefore asserts the following affirmative defenses in order to preserve the right to assert them. If the facts warrant, Defendant

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON 98201-4060
(425)388-6330/FAX: (425)388-6333

may withdraw any of these affirmative defenses as deemed appropriate.

1.     Plaintiff, as to one or more of his causes of action, has failed to state a claim against the County upon which relief may be granted.

2.     One or more of Plaintiff's causes of action against the County are barred by applicable statutes of limitation.

3.     One or more of Plaintiff's causes of action against the County are barred by Plaintiff's election of remedies or waiver.

4.     One or more of Plaintiff's causes of action against the County are barred by absolute or qualified privilege.

5.     One or more of Plaintiff's causes of actions against the County are barred by absolute, qualified, or discretionary immunity.

6.     One or more of Plaintiff's causes of action against the County are barred by Plaintiff's failure to exhaust administrative remedies.

7.     Plaintiff's damages, if any, are barred, in whole or in part, by his failure to mitigate any such damages.

8.     Plaintiff's damages, if any, were caused by Plaintiff's own activities, which bar Plaintiff's right to recovery in whole or in part under the law of comparative fault.

9.     Defendant Snohomish County at all times acted in good faith in the performance of its duties and is therefore immune, in whole or in part, from suit for the claims alleged in Plaintiff's Complaint.

10.    Defendant Snohomish County's actions manifested a reasonable exercise of judgment and discretion by authorized public officials and were made in the exercise of

DEFENDANT SNOHOMISH COUNTY'S ANSWER TO
PLAINTIFF'S COMPLAINT - 16

(2:17-cv-00505-RSM)

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

government authority extended to them by law. Such actions are neither tortious nor actionable.

11.     Plaintiff lacks standing to prosecute claims for damages for persons other than himself.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Defendant Snohomish County respectfully requests that the Court grant the following relief:

1.     That Plaintiff's Complaint against Snohomish County be dismissed with prejudice, and that Plaintiff takes nothing by way of relief requested against Defendant Snohomish County;

2.     That Defendant Snohomish County be awarded its costs and attorneys' fees to the extent recoverable at law or equity;

3.     That the Court provide additional and further relief to Defendant Snohomish County as may be just and equitable under the circumstances.

DATED this 7th day of April, 2017.

MARK K. ROE
Snohomish County Prosecuting Attorney

*s/ Joseph B. Genster*
JOSEPH B. GENSTER, WSBA No. 14968
MARIE N. GALLAGHER, WSBA No. 35588
Deputy Prosecuting Attorneys
Attorneys for Defendant Snohomish County
Snohomish County Prosecuting Attorney – Civil Division
3000 Rockefeller Ave., M/S 504
Everett, Washington  98201
Phone: (425) 388-6330 / Fax:  (425) 388-6333
Joseph.Genster@snoco.org
Marie.Gallagher@snoco.org

DEFENDANT SNOHOMISH COUNTY'S ANSWER TO
PLAINTIFF'S COMPLAINT - 17

(2:17-cv-00505-RSM)

SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333

## CERTIFICATE OF SERVICE

I hereby declare I served a true and correct copy of the foregoing **Defendant Snohomish County's Answer to Plaintiff's Complaint** upon the person/persons listed by the method(s) indicated:

| | |
|---|---|
| Ron Gipson, Pro se | ☐ Electronic Filing (CM/ECF) |
| 6716 Morgan Road | ☐ Facsimile |
| Everett, WA 98203 | ☐ Email |
| (425) 501-6000 | ☒ U.S. Mail |
| | ☐ Hand Delivery |
| | ☐ Messenger Service |
| | |
| Marcella Fleming Reed, WSBA No. 21937 | ☐ Electronic Filing (CM/ECF) |
| MFR Law Group PLLC | ☐ Facsimile |
| PO Box 13980 | ☒ Email |
| Mill Creek, WA 98082-1980 | ☒ U.S. Mail |
| T: (425) 201-0548 / F: (425) 357-3560 | ☐ Hand Delivery |
| marcella@mfrlawgroup.com | ☐ Messenger Service |
| *Pro se* | |

I declare under the penalty of perjury of the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge.

SIGNED at Everett, Washington, this 7th day of April, 2017.

_____
Stefanie Palmer, Legal Assistant

## CERTIFICATE OF SERVICE

I hereby declare I served a true and correct copy of the foregoing **Defendant Snohomish County's Answer to Plaintiff's Complaint** upon the person/persons listed by the method(s) indicated:

| | |
|---|---|
| Shannon Ragonesi, WSBA No. 31951 | ☒ Electronic Filing (CM/ECF) |
| Keating Bucklin & McCormack | ☐ Facsimile |
| 800 Fifth Avenue, Suite 4141 | ☐ Email |
| Seattle, WA 98104-3175 | ☐ U.S. Mail |
| T: (206) 623-8861 / F: (206) 223-9423 | ☐ Hand Delivery |
| sragonesi@kbmlawyers.com | ☐ Messenger Service |
| *Attorney for Defendants Barbara Lucken, Karen Hasting and Dee Thayer* | |

I declare under the penalty of perjury of the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge.

SIGNED at Everett, Washington, this 7th day of April, 2017.

*s/ Joseph B. Genster*
JOSEPH B. GENSTER, WSBA No. 14968

DEFENDANT SNOHOMISH COUNTY'S ANSWER TO
PLAINTIFF'S COMPLAINT - 18

(2:17-cv-00505-RSM)

**SNOHOMISH COUNTY
PROSECUTING ATTORNEY - CIVIL DIVISION**
Robert Drewel Bldg., 8th Floor, M/S 504
3000 Rockefeller Ave
EVERETT, WASHINGTON  98201-4060
(425)388-6330/FAX: (425)388-6333