UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RON GIPSON, | Case No. C17-505 RSM |
| Plaintiff, | ORDER DENYING MOTIONS TO DISMISS AND GRANTING MOTION TO AMEND |
| v. | |
| SNOHOMISH COUNTY, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendant Marcella Fleming Reed's Motion to Dismiss (Dkt. #15), Defendants Karen Hasting, and Barbara Lucken, Dee Thayer's Motion to Dismiss (Dkt. #22), and Plaintiff Ron Gipson's Motion to Amend Complaint (Dkt. #17).

Despite the significant briefing before this Court, there is a simple, dispositive threshold question: did Plaintiff have good cause for his failure to timely serve the individual Defendants in this case? There is no factual dispute; the parties agree Plaintiff timely served Defendant Snohomish County but not the individual defendants. *See* Dkt. #26 at 2 (Plaintiff admits he timely served Snohomish County "but did not affect service on any of the other named defendants"). Defendants' Motions to Dismiss are based solely on Plaintiff's failure to serve within the time limit, and Defendants' opposition to Plaintiff's Motion to Amend, if any, is based on futility due to Plaintiff's failure to timely serve. *See* Dkts. #15, #21, and #22.

ORDER DENYING MOTIONS TO DISMISS AND GRANTING MOTION TO AMEND - 1

The legal standard is straightforward:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against the defendant or order that service be made within a specified time. **But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.**

Fed. R. Civ. P. 4(m) (emphasis added). The Court notes that the second, emphasized sentence is a part of Rule 4(m), despite the briefing from the individual Defendants omitting it from the Rule. *See* Dkt. #15 at 2; Dkt. #22 at 3; Dkt. #32 at 2.

Plaintiff argues good cause exists here because he initially proceeded *pro se*, and that once he retained counsel that counsel determined it was necessary to file an amended complaint and "the decision was made to serve the remaining Defendants with the First Amended Complaint once drafted." Dkt. #26 at 3. Plaintiff argues that any delay in drafting this Amended Complaint was due to "the need to review the arbitration testimony and the late date upon which it was delivered to Counsel for the Plaintiff." *Id*. Plaintiff argues that he has shown at least some diligence in that he "did serve the original Complaint on Defendant Snohomish County." *Id*. Plaintiff also argues that, practically speaking, "all defendants in this litigation had knowledge of the fact that the Complaint had been filed and were generally aware of its contents," perhaps because "Defendants were all directly in employed [sic] by Snohomish County or as in the case of Ms. Reed hired by Snohomish County as an independent third-party…" *Id*. at 3-4. Plaintiff further discusses the reasons for the delay in filing the Amended Complaint and service. *Id*. at 4. Plaintiff argues that the individual Defendants suffered "virtually no prejudice" and that they were served within 120 days after the original Complaint was filed. *Id*. Plaintiff also points out that "many the [sic] originally named individual Defendants were not appropriate and thereby the Plaintiff has agreed to their dismissal…" *Id*.

Plaintiff has apparently personally served all remaining Defendants with a copy of the Amended Complaint. *See* Dkt. #25 at 2.

Defendant Reed argues that "plaintiff points to his pro se status to gain the court's favor," and that "no extra leniency is granted to pro se litigants." Dkt. #28 at 2. Defendant Reed fails to frame the issue in terms of "good cause" and refers to the Rule 4(m) 90-day time limit as a firm deadline without citation to the emphasized second sentence of the rule above.

Defendants Lucken, Hastings, and Thayer argue that Plaintiff's strategic reasons nor a desire to amend the complaint before effective service constitutes good cause. Dkt. #32 at 2–3 (citing *Fimbres v. United States*, 833 F.2d 138, 139 (9th Cir. 1987); *Wei v. State of Hawaii*, 763 F.2d 370 (9th Cir. 1985)). Defendants argue that prejudice to the Defendants is not relevant because the word "prejudice" does not appear in Rule 4(m). *Id*. at 3–4.

The Court begins by noting that Defendant Reed misstates the appropriate standard and provides no compelling argument as to good cause. Defendants Lucken, Hastings, and Thayer do address this issue in their Reply brief, but the cases they cite are readily distinguishable. In *Fimbres*, the plaintiffs argued they intentionally did not serve the defendant. *See* 833 F.2d at 139. Here, there is no evidence that Mr. Gipson's original failure to serve the individual Defendants was intentional rather than a misunderstanding of the law. The Court could easily find that Mr. Gipson, acting *pro se*, believed, perhaps unreasonably, that service on Snohomish County would qualify as service for the individually named Defendants who worked for Snohomish County. His failure, in other words, was likely mere negligence. In *Wei*, the plaintiff did not attempt to explain how he was delayed in amending the Complaint. *See* 763 F.2d at 372. Here, Mr. Gipson, via his new counsel, has provided at least some explanations

ORDER DENYING MOTIONS TO DISMISS AND GRANTING MOTION TO AMEND - 3

for the delay in filing the Amended Complaint. Defendants fail to analyze whether these explanations were reasonable or could support a finding of good cause.

Plaintiff's arguments for good cause are thin. The Court is surprised to find no declaration of Mr. Gipson explaining his failure to timely serve while he proceeded in this case *pro se*. Nevertheless, the Court believes that Plaintiff, when he was *pro se*, assumed service on Snohomish County was sufficient for all Defendants. This mistake, although understandable, is insufficient alone to constitute good cause. However, Plaintiff also argues that failure to timely serve was due to a delay, reasonable or not, while new counsel got up to speed and drafted a proper Amended Complaint.

Rule 4(m) allows for substantial court discretion. For example, even if Plaintiff failed to demonstrate good cause, the Court could easily "order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court believes that all remaining Defendants have now been served with a copy of Plaintiff's Amended Complaint. If this is not the case, they are at least on full notice of the filings in this lawsuit. Plaintiff is correct that Defendants have suffered virtually no prejudice at this early stage in the litigation. The failure to timely serve was due, in part, to a good faith effort of Plaintiff's counsel to move this case forward on proper footing. The Court sees no value in dismissing this case with prejudice. Accordingly, the Court finds that Plaintiff has presented sufficient good cause to warrant 14 days' additional time to serve under Rule 4(m) and will therefore deny Defendants' Motions to Dismiss. Since this was the only basis for opposition to Plaintiff's Motion to Amend Complaint, the Court will grant the requested relief.

ORDER DENYING MOTIONS TO DISMISS AND GRANTING MOTION TO AMEND - 4

The Court acknowledges' Defendant Snohomish County's request that the Court "enter an Order dismissing the individual Defendants named in the initial Complaint who are no longer included in the proposed Amended Complaint" and will do so. Dkt. #20 at 2.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that:

1. Defendant Reed's Motion to Dismiss (Dkt. #15) is DENIED.

2. Defendants Hasting Lucken, and Thayer's Motion to Dismiss (Dkt. #22) is DENIED.

3. Plaintiff Gipson's Motion to Amend Complaint (Dkt. #17) is GRANTED. Plaintiff must, within seven (7) days, file the First Amended Complaint attached as Exhibit B to Dkt. #17 and serve all remaining Defendants within fourteen (14) days of this Order.

4. Defendants Bridget Clawson, Marilynn Finsen, Shane Nybo, Bob Terwilleger, Steven Bladek, Charlotte Comer, Judge Michael Downs, Sara DiVittorio, Rhea Reynolds, Jason Cummings, and Margie Holloway are DISMISSED from the above-entitled action without prejudice.

DATED this 1st day of September 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE