UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RON GIPSON,

    Plaintiff,

v.

SNOHOMISH COUNTY, *et al.*,

    Defendants.

Case No. 17-505RSM

ORDER GRANTING MOTIONS TO DISMISS

    This matter comes before the Court on Defendants Karen Hasting, Barbara Lucken, and Dee Thayer's second Motion to Dismiss, Dkt. #34, Defendant Marcella Fleming Reed's second Motion to Dismiss, Dkt. #39, and Defendant Snohomish County's Motion to Dismiss, Dkt. #40. Plaintiff has responded to all of these Motions and the Court is fully informed of the matter. Defendants move to dismiss based in part on Plaintiff Ron Gibson's failure to obey the Court's September 1, 2017, Order granting Plaintiff's Motion to Amend Complaint and stating "Plaintiff must, within seven (7) days, file the First Amended Complaint attached as Exhibit B to Dkt. #17 and serve all remaining Defendants within fourteen (14) days of this Order." Dkt. #33 at 5. That Order sets forth certain procedural facts incorporated by reference here. Defendants argue Plaintiff failed to file his amended complaint by September 8, 2017, and failed to serve Defendants by September 15, 2017. *See* Dkt. #34 at 2; Dkt. #39 at 2; Dkt. #40 at

ORDER GRANTING MOTIONS TO DISMISS - 1

1. Defendants Lucken, Hastings, and Thayer argue that they still have not been properly served as of the date of filing their Motion. Dkt. #34 at 2. Defendant Reed likewise argues that she has not been properly served. Dkt. #39 at 2. Defendant Snohomish County requests dismissal with prejudice, alternatively requesting dismissal without prejudice. Dkt. #40 at 7. Defendants Hasting, Lucken, and Thayer request dismissal with prejudice, and Defendant Reed requests dismissal without prejudice. Dkt. #34 at 3; Dkt. #39 at 2.

In his Responses, Plaintiff's attorney, Rodney Moody, admits it was his "error" in not filing the First Amended Complaint as ordered until October 13, 2017. *See* Dkts. #42; 44 and #45.[1] Mr. Moody simply forgot to file the Amended Complaint with the Court. Plaintiff states that diligent efforts are (or were) underway to serve the individual Defendants. *Id*. Plaintiff makes the argument that, because Defendants were given a copy of the proposed First Amended Complaint prior to the Court's Order above, subsequent service of the now-filed First Amended Complaint was unnecessary. *See, e.g.,* Dkt. #51 at 2 ("FRCP 15 does not state that an amended document sought to be approved by the court is prohibited from being served prior to the court's ruling."). Plaintiff argues against dismissal under Rule 41(b) stating that "[t]here is virtually no prejudice to Snohomish County." Dkt. #56 at 3. Plaintiff argues that there were extenuating circumstances in this case, and that "[t]his is not a circumstance of neglect and certainly not a willful refusal to comply with the Court's order." *Id*. at 6.

Rule 41(b) states: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b)… acts as an adjudication on the merits." When determining whether to dismiss a case for failure to comply with pretrial

---

[1] Plaintiff's Response to the second Motion to Dismiss filed by Defendants Hasting, Lucken, and Thayer was filed two days after the deadline set forth in Local Rule 7(d)(3). *See* Dkt. #44.

ORDER GRANTING MOTIONS TO DISMISS - 2

court orders, the following five factors are considered: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Phenylpropanolamine (PPA) Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors are "not a series of conditions precedent before the judge can do anything," but a "way for a district judge to think about what to do." *Id.* (quoting *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998)).

The Court has reviewed the briefing and the remainder of the record. It appears certain that Plaintiff or his counsel acted with reckless disregard of the Court's orders. Plaintiff previously failed to serve Defendants within the Rule 4(m) time limit, requiring Court intervention. *See* Dkt. #33 at 1. Plaintiff provided very little in terms of good cause for his failure, leading the Court to believe that Plaintiff or his counsel were merely negligent in failing to serve. The Court ultimately concluded that Defendants had "suffered virtually no prejudice" and granted Plaintiff leave to amend and serve the new complaint. *Id.* at 3–5. Plaintiff's subsequent and undisputed failure to timely file the Amended Complaint, on the other hand, has delayed this action and caused a flurry of otherwise unnecessary motions practice. The Court finds that Plaintiff has also failed to serve the Amended Complaint as explicitly ordered. Given the nature of the Court's September 1, 2017, Order and the underlying issue of failure to serve, it was unreasonable for Plaintiff to assume that prior service of a proposed amended complaint was sufficient.

The Court also notes that Defendant Snohomish County asserts that Plaintiff has still not served his initial disclosures, nearly five months past the court-ordered May 24, 2017, deadline. Dkt. #40 at 2. Plaintiff does not dispute this, arguing only that "[t]he reality of the

ORDER GRANTING MOTIONS TO DISMISS - 3

circumstances is that it was extremely difficult to competently and properly comply with [the joint status report and initial disclosure] dates given the late entry into this case [of counsel] in conjunction with the status of this litigation and the materials as they existed only 12 days before the initial report was due." Dkt. #56 at 4.

Plaintiff has failed to adequately prosecute his case or follow Court Orders. The Court finds that Plaintiff's actions above have (1) infringed the public's interest in expeditious resolution of litigation, (2) crowded the Court's docket, and (3) prejudiced Defendants' ability to defend this action. Although public policy favors disposition of cases on their merits, the merits cannot be addressed when one party simply fails, without good cause, to follow Court orders and the Federal Rules of Civil Procedure. The Court has considered the availability of less drastic sanctions. However, because of the repeated and substantial nature of Plaintiff's failures, the Court concludes that Defendants' Motions should be granted and this case dismissed without prejudice.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that:

1. Defendants' Motions to Dismiss, Dkts. #34, #39, and #40, are GRANTED. This case is dismissed without prejudice.

2. This case is CLOSED.

DATED this 31 day of October, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING MOTIONS TO DISMISS - 4